IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY HARRIS, | CIVIL DIVISION |
| *On behalf of himself and all others similarly situated*, | Case No. 1:22-cv-00218-CB |
| Plaintiff, | |
| v. | |
| PARKER LORD CORPORATION, | |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

A. *Preliminary Statement*

1. This action is brought to recover unpaid overtime compensation owed to the plaintiff, on his own behalf and on behalf of all those similarly situated, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* (the "PMWA"). For at least two years prior to filing this complaint, the defendant has had a uniform policy and practice of consistently requiring its non-exempt production employees (as further described herein) at is Cambridge Springs facility (and perhaps other facilities in Pennsylvania) to perform pre-shift work without straight time or overtime compensation. A jury trial is demanded.

B. *Jurisdiction and Venue*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

3.        Venue is proper in this Court Pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because the defendant has production facilities and does business in this district.

C.   ***The parties***

4.        The plaintiff Corey Harris is an adult individual who resides in Erie County.

5.        The defendant Parker Lord Corporation is an entity headquartered in Cary, North Carolina.  The defendant is a diversified technology and manufacturing company developing and selling adhesives, coatings, motion-management devices and sensing technologies for the aerospace, automotive, building and construction, electronics, oil and gas and transportation industries.

6.        At all times relevant, the defendant conducted business in Erie County, Pennsylvania and Crawford County, Pennsylvania as well as across the United States and internationally.

7.        At all times relevant, the defendant was an employer within the meaning of 29 U.S.C. § 203(d) and 43 P.S. § 333.103(g).

8.        At all times relevant, the defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.        At all times relevant, the defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.       The plaintiff's consent is attached as Exhibit "A".  Written consents to join this action as to the First Cause of Action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

D.      ***Collective Action Allegations***

11.     The plaintiff brings the First Cause of Action pursuant to 29 U.S.C. § 216(b), on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by the defendant's unlawful conduct.

12.     The class which the plaintiff seeks to represent and for whom the plaintiff seeks the right to send opt-in notices for purposes of the FLSA collective action (the "FLSA Collective Action"), and of which the plaintiff is himself a member, is composed and defined as all former and current non-exempt production workers, including press operators, metal prep operators, shipping and receiving workers, electrical mechanical operators and oil and gas workers, who were required to perform pre-shift work for the defendant's benefit, but were not properly compensated for this work (the "Collective Members" or the "FLSA Collective").

13.     Although the plaintiff and the Collective Members may have had different job titles and/or worked in different locations, this action may be properly maintained as a collective action because, throughout the relevant period:

(a)     the plaintiff and the Collective Members, regardless of their job title or location, were governed by, and subjected to, the same pre-shift work policies and practices and were deprived of wages owed for pre-shift work;

(b)     the plaintiff and the Collective Members, regardless of their job title or location, had the same employer;

(c)     the defendant controlled all aspects of the work performed by the plaintiff and the Collective Members, assigned their job titles, descriptions and responsibilities, assigned and supervised their training;

(d)     the defendant maintained common scheduling systems, policies and practices with respect to the plaintiff and the Collective Members;

(e)     the defendant maintained common payroll systems, policies and practices with respect to the plaintiff and the Collective members; and

3

(f)    the defendant's labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies and practices at issue in this case.

14. The plaintiff is unable to state at this time the exact number of people that are encompassed by the FLSA Collective Action, but upon information and belief, it consists of more than 100 persons.

15. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C § 216(b) as to claims for unpaid straight time and overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to the plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. The plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

16. These similarly situated employees are known to the defendant are readily identifiable through the defendant's personnel, scheduling, time and payroll records and from input received from the Collective Members as part of the notice and opt-in process. Given the composition and size of the FLSA Collective Action, its members may be informed of the pendency of this action directly via U.S. mail, email and/or other means and methods as determined by the court.

E.    ***Class Action Allegations***

17. The plaintiff brings the Second Cause of Action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by the defendant's unlawful conduct.

18. The class which the plaintiff seeks to represent and of which the plaintiff is himself a member, is composed and defined as all former and current non-exempt production

workers, including press operators, metal prep operators, shipping and receiving workers, electrical mechanical operators and oil and gas workers who were required to perform pre-shift work for the defendant's benefit, but were not properly compensated for this work (the "Pennsylvania Class").

19. The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable. Although the plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the defendant.

20. Upon information and belief, the size of the Pennsylvania Class is at least 100 workers.

21. The defendant acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final relief with respect to the Pennsylvania Class as a whole.

22. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

    (a)    whether the defendants failed to keep true and accurate time records for all hours worked by the plaintiff and the Pennsylvania Class;

    (b)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    (c)    whether the defendant failed and/or refused to pay the plaintiff and the Pennsylvania Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the PMWA;

    (d)    the nature and extent of Pennsylvania Class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

      (e)      whether the defendant has a policy of requiring former and current non-exempt production workers, including press operators, metal prep operators, shipping and receiving workers, electrical mechanical operators and oil and gas workers, to perform pre-shift work the for defendant's benefit, but did not properly compensate them for this work; and

      (f)      whether the defendant's policy of requiring former and current non-exempt production workers, including press operators, metal prep operators, shipping and receiving workers, electrical mechanical operators and oil and gas workers to perform pre-shift work for the defendant's benefit was done willfully or with reckless disregard of the relevant statutes.

23.    The claims of the plaintiff are typical of the claims of the Pennsylvania Class he seeks to represent. The plaintiff and the Pennsylvania Class Members work or have worked for the defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. The defendant acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

24.    The plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class. The plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Pennsylvania Class to represent its interests fairly and adequately. The plaintiff recognizes that, as the class representative, he must represent and consider the interests of the Pennsylvania Class just as he would represent and consider his own interests. The plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Pennsylvania Class. The plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class. The plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing him with information

and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

25. The plaintiff has retained counsel competent and experienced in complex class action employment litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of the defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Pennsylvania Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about the defendant's practices.

F. *<u>Factual Allegations</u>*

27. The defendant operates production and manufacturing facilities in Erie and Crawford Counties and employs press operators, metal prep operators, shipping and receiving workers, electrical mechanical operators and oil and gas workers.

28. The plaintiff was employed by the defendant (and/or its predecessor in interest) at its Cambridge Springs Plant in Crawford County, Pennsylvania facility from September 21, 2018 through May 20, 2022.  His was employed as a certified press operator.

29. The defendant's Cambridge Springs Plant operated three eight-hour shifts: the first shift was from 7:00 a.m. through 3:00 p.m.; the second shift was from 3:00 p.m. through 11:00 p.m.; and the third shift was from 11:00 p.m. through 7:00 a.m.

30. The plaintiff regularly worked the second shift. Similarly situated employees regularly worked either the first, second or third shifts and, from time to time, may have been assigned other shifts.

31. In addition to working five eight-hour shifts each week, the defendant required its employees to work between 24 to 32 hours/month overtime, usually on weekends.

32. The plaintiff and other similarly situated employees were non-exempt employees under the FLSA.

33. The plaintiff and other similarly situated employees were paid an hourly wage.

34. The defendant did not have a system of time collection that required employees to "punch in" at the beginning of their workday and to "punch-out" at the end of their workday. Instead, the plaintiff, and other similarly situated employees, were directed to enter the total hours they working/had worked at some point during the day into a company computer. They were directed to enter the full amount of time for the shift even if they had not completed their shift that day at the time of the entry.

35. The defendant routinely required the plaintiff and other similarly situated employees to perform pre-shift work. Specifically, the plaintiff and other similarly situated employees were instructed to show up to work ten minutes before the start of the shift. At that time, the defendant's management would convene a "pre-shift meeting" for the workers of the incoming shift to discuss work-related issues such a summary of things that had happened during the previous shift and issues and information for the upcoming shift. All of the employees on the

incoming shift attended the meetings and participated as required. At the end of the meeting, the employees reported to their work areas and commenced their shift.

36. For example, the pre-shift meetings for the press operators were held in a large room with a bulletin board on which notes would be written. The outgoing shift managers and/or supervisors briefed the incoming shift workers regarding scrap, quality issues, re-work issues and issues relating to pending jobs or orders.

37. The plaintiff and other similarly situated employees were subject to discipline, including oral warnings and counseling if they missed the pre-shift meeting or showed up "late".

38. The plaintiff and other similarly situated employees were told that they were not permitted to include the time spent at shift meetings as part of the time entered into the company computer for the hours they worked that day.

39. The plaintiff brought up to his supervisor the issue of why he and the other employees were not paid for the pre-shift meetings. The supervisor told him, "Hey, I don't make the rules, I'm just doing what I'm told."

40. The defendant failed to count this pre-shift work performed by the plaintiff and other similarly situated employees as "hours worked".

41. The plaintiff and other similarly situated employees performed this unpaid work every workday and it constituted a part of their fixed and regular working time.

42. The unpaid work performed by the plaintiff and other similarly situated employees was readily ascertainable by the defendant.

43. Further, there was no practical administrative difficulty of recording this unpaid work of the plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to include the time in their daily

submissions of their time. In the alternative, the defendant could have instituted and maintained a more traditional "punch-in" and "punch-out" time system that would have accurately captured all time worked.

44. This unpaid work performed by the plaintiff and other similarly situated employees constituted a part of their principal activities, was required by the defendant and was performed for the defendant's benefit.

45. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by the plaintiff and other similarly situated employees.

46. As a result of the plaintiff and other similarly situated employees not being paid for all hours worked, they were not paid the full value of overtime compensation for all the hours they worked over 40 each workweek.

47. The plaintiff and other similarly situated employees worked at least 40 hours each workweek.

48. For at least two years, the defendant has been aware of the requirements of the FLSA and the PMWA and their corresponding regulations necessary to provide employees performing non-exempt work with overtime compensation. Despite this knowledge, the defendant has failed to pay the plaintiff and other similarly situated employees the mandatory lawful overtime compensation or to conform the duties of these employees to the requirements of the FLSA and PMWA.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**On behalf of the plaintiff and the FLSA Collective**

49. The plaintiff incorporates by reference all allegations in all preceding paragraphs.

50. The defendant engaged in a widespread pattern, policy, and practice of violating

the FLSA, as detailed in this Complaint.

51. The defendant's practice and policy of not paying the plaintiff and other similarly situated employees for work performed before the start of their shift violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

52. The defendant's practice and policy of not paying the plaintiff and other similarly situated employees for all work performed each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

53. The defendant's practice and policy of not paying the plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

54. The defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by the plaintiff and other similarly situated employees violate the FLSA. *See* 29 C.F.R. § 516(a)(7).

55. The defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

56. The defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of the plaintiff and the members of the FLSA Collective.

57. Because the defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of the defendant's violations of the FLSA, the plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.*
### On behalf of the plaintiff and the Pennsylvania Class Members

59.    The plaintiff incorporates by reference all allegations in all preceding paragraphs.

60.    The defendant has engaged in a widespread pattern, policy, and practice of violating the PMWA, as detailed in this Complaint.

61.    The defendant's practice and policy of not paying the plaintiff and other similarly situated employees for pre-shift work violated the PMWA, 43 P.S. § 333.101 *et seq.*

62.    The PMWA requires an employer, such as the defendant, to compensate all non-exempt employees for all hours worked. The plaintiff and the Pennsylvania Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

63.    At all relevant times, the defendant had a policy and practice of failing and refusing to pay overtime pay and other wages to the plaintiff and the Pennsylvania Class Members for their hours worked, including hours in excess of 40 hours per week.

64.    As a result of the defendant's failure to record, report, credit, and furnish to the plaintiff and the Pennsylvania Class Members their respective wage and hour records showing all wages earned and due for all work performed, the defendant has failed to make, keep, preserve, and furnish such records, in violation of 43 P.S. § 333.108.

65.    The plaintiff, on behalf of himself and members of the Pennsylvania Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by the defendant, as provided by 43 P.S. § 333.113.

66.    As a result of the defendant's violations of the PMWA, the plaintiff and the Pennsylvania Class Members have suffered damages by being denied overtime wages in

accordance with the PMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the PMWA, 43 P.S. § 260.1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff and all those similarly situated request that this court:

    A.    Issue an order permitting this litigation or proceed as a collective action as per the First Cause of Action and a class action as per the Second Cause of Action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all Collective Members that this litigation is pending and they have the right to opt in to this litigation;

    C.    Award the plaintiff and the members of the FLSA Collective and the Pennsylvania Class actual damages for unpaid wages, including overtime wages;

    D.    Award the plaintiff and the members of the FLSA Collective and the Pennsylvania Class statutory liquidated damages;

    E.    Award the plaintiff and the members of the FLSA Collective and the Pennsylvania Class pre- and post-judgment interest at the statutory rate;

    F.    Award the plaintiff and the members of the FLSA Collective and the Pennsylvania Class attorneys' fees, costs and disbursements;

G. Award the plaintiff and the members of the FLSA Collective and the Pennsylvania Class further and additional relief as this court deems just and proper.

          Respectfully submitted,

          */s/ Michael J. Bruzzese*
          Michael J. Bruzzese
          Pa. I.D. No. 63306

          220 Koppers Building
          436 Seventh Avenue
          Pittsburgh, PA 15219

          (412) 281-8676

          Counsel for the plaintiff

Dated: July 12, 2022